IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AUSTEN KING,<br><br>                 Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, in her capacity as Acting Commissioner of the Social Security Administration[1],<br><br>                 Defendant. | MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER<br><br><br>Case No.:  2:12-cv-325-BCW<br><br>Magistrate Judge Brooke Wells |

All parties in this case have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[2]

Plaintiff Austen King ("Plaintiff") seeks judicial review of the determination of the Commissioner of the Social Security Administration that denied his application for child insurance benefits, Social Security Disability and Disability Insurance Benefits and Supplemental Security Income.  After careful consideration of the written briefs and the administrative record, the Court has determined that oral argument is unnecessary and issues the following Memorandum Decision and Order REVERSING AND REMANDING the decision of the Commissioner.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of the Social Security Administration.  Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action.  See 42 U.S.C. §405(g)("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); F.R.C.P. 25(d)("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise); see docket no. 20.

[2] See 28 U.S.C. §636(c); F.R.CP. 73; docket no. 8.

## BACKGROUND

Plaintiff, Austen King, who was born on January 12, 1990,[3] filed an application for child insurance benefits, disability and disability insurance benefits and supplemental security income on February 17, 2010.[4]  In his application for benefits Plaintiff alleged an onset date of disability of October 31, 2009.[5]  Plaintiff meets the insured status requirements through June 30, 2010.[6]

Plaintiff contends he is disabled due to a combination of mental impairments including, Asperger's disorder, dysthymic disorder, attention deficit hyperactivity disorder, pervasive development disorder, and generalized anxiety disorder.[7]  Plaintiff's claims were initially denied on July 20, 2010, and upon reconsideration on November 5, 2010.[8]  Plaintiff then requested an administrative hearing on November 10, 2010.[9]  A video conference before an Administrative Law Judge ("ALJ") was held on October 19, 2011.[10]  On October 27, 2011, the ALJ issued a written decision denying Plaintiff's claim for benefits.[11]  Plaintiff then appealed the denial to the Social Security Appeals Council which denied a review of the ALJ's decision on March 9, 2012.[12]  Pursuant to 42 U.S.C. § 405(g), this appeal followed.

---

[3] Administrative Record, docket no. 8 [hereinafter referred to as "Tr."] at 13.

[4] Tr. at 11.

[5] Tr. at 14.

[6] Id.

[7] Opening Br., docket no. 13 at p. 1-2.

[8] Tr. at 11.

[9] Id.

[10] Id.

[11] Tr. at 11-22.

[12] Tr. at 1-3.

In the ALJ's decision, the ALJ found at Step One of the required sequential evaluation process[13] that Plaintiff had not engaged in substantial gainful activity since October 31, 2009, the alleged onset date.[14] At Step Two, the ALJ found that the Plaintiff's severe impairments are (1) Attention Deficit Hyperactivity Disorder ("ADHD"); (2) Asperger's syndrome; (3) dysthymic disorder; (4) generalized anxiety disorder; and (5) marijuana use in remission.[15] The ALJ also found that since the alleged onset date of disability, the claimant has had asthma which is a "non-severe" impairment.[16] At Step Three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments contained within the regulations.[17]

Next, the ALJ found that the Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations:

> he is limited to simple, routine, and repetitive tasks with a maximum of one to two step instructions. He is unable to perform at a production rate as required in an assembly line, but can perform goal-oriented work such as an office cleaner. He should have only occasional interaction with supervisors, co-workers and the public. He is further limited to work with few changes in a routine work setting.[18]

At Step Four, the ALJ found Plaintiff had no past relevant work and then proceeded to Step Five of the analysis.[19] At Step Five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff could perform such as a "dip lube operator,"

---

[13] See Grogan v Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(explaining the five-step sequential evaluation process for determining if a claimant is disabled).

[14] Tr. at 14.

[15] Id.

[16] Id.

[17] Id.

[18] Tr. at 16.

[19] Tr. at 21.

"grain dryer," and "cooler room worker."[20] Therefore, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act.[21]

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to determining whether his findings are supported by "substantial evidence" and whether the correct legal standards were applied.[22] If supported by substantial evidence, the findings are conclusive and must be affirmed.[23] "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[24] Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[25] Moreover, a decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record."[26]

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all evidence.[27] In its review, the Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[28] However, a reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ's.[29] Further, the Court "…may not 'displace the agenc[y]'s choice

---

[20] Tr. at 22.

[21] Id.

[22] Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); Ruthledge v. Apfel, 230 F.3d 1172, 1174 (10th Cir. 2000); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1993).

[23] Richardson v. Perales, 402 U.S. 389, 401 (1981).

[24] Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).

[25] Zolanski v. FAA, 372 F.3d 1195, 1200 (10th Cir. 2000).

[26] Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009)(internal citation omitted).

[27] Id. at 1066.

[28] Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999).

[29] Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000).

between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo."[30] Lastly, "[t]he failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[31]

In applying these standards, the Court has considered the Administrative Record, relevant legal authority, and the parties' briefs and arguments. The Court deems oral argument to be unnecessary, and finds as follows:

## **ANALYSIS**

In his appeal, Plaintiff raises the following reasons as to why the ALJ's opinion was not supported by substantial evidence: the ALJ erred by finding his impairments did not meet the "C-criteria" of a mental health listing; the ALJ erred by discounting the opinions of Mr. Jardine, a Licensed Clinical Social Worker and Mr. Brett Holbrook, Plaintiff's former supervisor at his employment; the ALJ's opinion failed to discuss the Utah Medicaid Review Board's decision awarding Plaintiff benefits; and the ALJ erred by finding there were jobs existing in significant number in the national economy.[32]

After considering these issues and upon consideration of the record, the Court finds Plaintiff's arguments concerning the ALJ's failure to discuss the Utah Medicaid Review Board's decision to be dispositive and warrants remand. Therefore, because Plaintiff's other arguments may be affected by the determination on remand, the Court will not address them and therefore limits the discussion to the ALJ's lack of discussion of the Medicaid Board's findings.

---

[30] Lax, 489 F.3d at 1084 (quoting Zoltanski, 372 F.3d at 1200).

[31] Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).

[32] See Opening Br., docket no. 13 at p. 8-19.

1.  **Utah Medicaid Review Board Decision**

In support of his claim that the Commissioner's decision should be reversed and remanded, Plaintiff argues that the ALJ erred by failing to discuss a favorable Medicaid decision by the Utah Department of Health. The Plaintiff further argues that the Medicaid Review Board applies the SSI disability standards in order to determine disability and "had the ALJ considered the Utah Medicaid decision, it could have resulted in a favorable decision in [Plaintiff's] SSI disability case."[33]

Conversely, Defendant concedes that the ALJ did not discuss the Medicaid Board's findings but argues this is not a reversible error because another agency's determination of disability is not binding on the Commissioner and the Medicaid decision is based on evidence dated before the Plaintiff's alleged onset date.[34] Further, the Defendant argues that the ALJ repeatedly indicated that she considered the entire record in making her determination and as such the ALJ's omission was a harmless error.[35]

In the 10th Circuit, "[a]lthough another agency's determination of disability is not binding on the Social Security Administration, …it is evidence that the ALJ must consider and explain why he [or she] did not find it persuasive."[36] On March 28, 2009, the Utah Medicaid Review Board issued a decision allowing benefits finding that the Plaintiff's conditions of "Asperger's, ADD, dysthymic DO" meets or equals Listing 12.10, the onset of which began on or before January 1, 2009, and the duration of the severity was expected to last for life.[37]

---

[33] See Opening Br. at p. 16.

[34] See Answer Br., docket no. 18 at p 22-23.

[35] Id.

[36] Grogan v. Barnhart, 399 F.3d 1257, 1262-1263 (10th Cir. 2005)(internal citations omitted); see also Baca v. Dep't of Health and Human Servs, 5 F.3d 476, 480 (10th Cir. 1993)(citing Fowler v. Califano, 596 F.2d 600, 603 (3rd. Cir. 1979).

[37] Tr. at 231.

Attached to the Medicaid Review Board's determination form, is a form titled "Mental Status & Treatment/Progress Report" which a questionnaire-style form that details Plaintiff's impairments.  This form was completed by Dr. Shannon Gullett, who was one of Plaintiff's physicians at long-time mental health service provider, Valley Mental Health.

In the instant case, the Court finds the ALJ's statements in her opinion that she considered the entire record in making her determination to be boilerplate language that does not meet the 10th Circuit's requirement that disability decisions from other agencies must be "considered and explained."[38]  Further, as to the Defendant's arguments that the Medicaid Board's determination "does not explain its findings" and the decision was based on evidence dated before the Plaintiff's alleged onset date, the Court finds these arguments unpersuasive. As Plaintiff points out, the questionnaire form attached to the Medicaid decision "document[s] the limitations on which the Medicaid decision was based, limitations that continued at the time [Plaintiff] applied for disability benefits."[39]  In addition, the Court finds the timing of the Medicaid decision is not so far removed in time so as to render the decision meaningless. Therefore, the Court finds that ALJ failed to apply the correct legal standards by failing to specifically discuss the Utah Medicaid Board's decision.

## CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiff's arguments regarding the ALJ's failure to discuss or mention the favorable decision of the Utah Medicaid Board has merit and warrants remand.

Therefore, IT IS HEREBY ORDERED that the Commissioner's decision is REVERSED AND REMANDED for further proceedings consistent with this opinion.

---

[38] Grogan at 1263-1264.

[39] Reply Br., docket no. 19 at p. 4.

**IT IS SO ORDERED.**

DATED this 30 September 2013.

*[signature]*

Brooke C. Wells
United States Magistrate Judge