IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AUSTEN KING,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br>　　　　　　　　Defendant. | **MEMORANDUM DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA**<br><br>Case No. 2:12-cv-325-BCW<br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiff's Motion for attorney fees pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] Plaintiff requests $6,891.63 to be paid by the United States Government pursuant to the EAJA.

## **BACKGROUND**

This case arises from an appeal of a decision of the Commissioner of the Social Security Administration denying Plaintiff's claims for disability benefits under the Social Security Act. On appeal, Mr. King made for arguments for remand: "1) the ALJ erred by finding Plaintiff's impairments did not meet the "C-criteria" of a mental health listing; 2) the ALJ erred by discounting the opinions of Mr. Jardine, a Licensed Clinical Social Worker and Mr. Brett Holbrook, Plaintiff's former supervisor at his employment; 3) the ALJ's opinion failed to discuss the Utah Medicaid Review Board's decision awarding Plaintiff benefits; and (4) the ALJ erred by finding there were jobs existing in significant numbers in the national economy."[2]

---

[1] Docket no. 23.
[2] Opening Br., docket no. 13.

In reaching its decision to remand this matter, the Court found the ALJ had failed to apply the correct legal standards in failing to discuss the Utah Medicaid Board's decision.[3] The Court rejected the Commissioner's arguments that the ALJ's failure to discuss the Utah Medicaid Board's decision did not constitute reversible error because another agency's determination of disability is not binding on the Commissioner.[4] The Court also rejected the Commissioner's arguments that the Medicaid decision was based on evidence dated before the Plaintiff's alleged onset date. The Court further rejected the argument that substantial evidence supported the ALJ's decision because the ALJ repeatedly indicated that she had considered the entire record in making her determination and therefore any omission was harmless error.[5]

## STANDARD

The EAJA provides that in civil actions, a party who prevails against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[6] The only dispute in this Motion is whether the Commissioner's position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact."[7] Accordingly, the government's position must be "justified to a degree that could satisfy a reasonable person."[8] "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact."[9] Of note, is the distinction between the substantial evidence standard under the Social Security Act, and the substantial justification requirement

---

[3] Memorandum Decision, docket no. 21 at p. 7.
[4] Id. at p. 6.
[5] Id.
[6] 28 U.S.C. § 2412(d)(1)(A).
[7] Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995)(internal citations omitted).
[8] Pierce v. Underwood, 487 U.S. 552, 565 (1988).
[9] Id.at 552, n. 2.

under the EAJA.[10] As articulated by this Circuit and other circuits which have directly addressed this issue, "equating a lack of substantial evidence with a lack of substantial justification would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits."[11] Moreover, to hold these two standards synonymous appears improper under the history behind the statute,[12] and at odds with the Supreme Court's decision in Pierce v. Underwood.[13] Thus, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."[14]

## ANALYSIS

Based upon the Court's decision, Plaintiff became the prevailing party for purposes of the EAJA. Plaintiff now moves the Court for an award of attorney fees under the EAJA in the amount of $6,891.63. The Government does not contest the amount, or the fact Plaintiff was the prevailing party. Rather, the Government asserts that its position on appeal was substantially justified because any error by the ALJ was harmless and therefore an award of attorney fees is improper.

The Court finds that the Commissioner's position with respect to the Utah Medicaid Board's findings to be unreasonable and not substantially justified. Although the Commissioner was not bound by the Utah Medicaid Board's decision as to Plaintiff's disability, the ALJ made no mention whatsoever of the Board's decision and it is unknown whether it was even considered by the ALJ. As stated in the Court's Memorandum Decision and Order, in the 10th

---

[10] See Hadden v. Bowen, 851 F.2d 1266, 1269 (10th Cir. 1988).
[11] Id.
[12] See Taylor v. Heckler, 835 F.2d 1037, 1044 (3rd Cir. 1987)(examining the legislative history of the EAJA and concluding Congress "left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified.").
[13] 487 U.S. 552.
[14] Hadden, at 1269.

Circuit, "[a]lthough another agency's determination of disability is not binding on the Social Security Administration,…it is evidence that the ALJ must consider and explain why he [or she] did not find it persuasive."[15] Therefore, the Court finds such a failure to discuss another agency's findings cannot be substantially justified for purposes of the EAJA. Accordingly, Plaintiff's Motion is GRANTED.

## CONCLUSION & ORDER

For the foregoing reasons, the Court HEREBY GRANTS Plaintiff's Motion for Attorney Fees.[16] The Court awards Plaintiff fees under the EAJA in the amount of $6,891.63.[17]

DATED this 5 February 2014.

Brooke C. Wells
United States Magistrate Judge

---

[15] Mem. Decision, docket no. 21 at p. 6, citing "Grogan v. Barnhart, 399 F3.d 1257, 1263 (10th Cir. 2005)(internal citations omitted); see also Baca v. Dep't of Health and Human Servs., 5 F.3d 476, 480 (10th Cir. 1993)(citing Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979)).
[16] Docket no. 23.
[17] Pursuant to Astrue v. Ratliff, 130 S.Ct. 2521, 2528-29 (2010), EAJA fee awarded by this Court belong to Plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B)(2006).